PREET BHARARA
United States Attorney for the
Southern District of New York
By: LOUIS A. PELLEGRINO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2689
Facsimile: (212) 637-2686
E-mail: louis.pellegrino@usdoj.gov

FILE COPY

14 MISC 307



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
IN RE:                                                  :     DECLARATION OF
                                                        :     LOUIS A. PELLEGRINO
LETTER ROGATORY FOR                                     :
INTERNATIONAL JUDICIAL                                  :     M 19-84
ASSISTANCE FROM THE COURT                               :
OF FIRST INSTANCE, REPUBLIC AND                         :
CANTON OF GENEVA, SWITZERLAND,                          :
IN THE MATTER OF ANTIQUORUM SA                          :
v. OSVALDO PATRIZZI AND SIMON                           :
LEENDERT VERHOEVEN                                      :
                                                        :
---------------------------------------------------------x

     I, Louis A. Pellegrino, pursuant to 28 U.S.C. § 1746, declare as follows:

     1.     I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York, counsel for the United States of America (the "Government"). I make this declaration upon information and belief based upon the attached exhibits and communications with personnel in the United States Department of Justice, to which a letter rogatory has been transmitted for execution. I make this declaration in support of the Government's request, pursuant to 28 U.S.C. § 1782(a),[1] for an order appointing me as a Commissioner for the purpose of obtaining information from Michael Levine.

---

[1] Section 1782(a) provides, in pertinent part, as follows:

2. In connection with a proceeding captioned "Antiquorum SA v. Osvaldo Patrizzi and Simon Leendert Verhoeven," and pending in the Court of First Instance, Republic and Canton of Geneva, Switzerland (the "Swiss Court"), the Swiss Court issued a letter rogatory seeking information from Michael Levine. A true and correct copy of the letter rogatory is attached hereto as Exhibit A.

3. An undated draft of a subpoena addressed to Michael Levine, 15 Barclay Road, Scarsdale, NY 10583, which the Government intends to serve upon my appointment as Commissioner, is attached hereto as Exhibit B.

4. To assist the Swiss Court in obtaining the requested information, I respectfully request that this Court appoint me as Commissioner as proposed in the *ex parte* order attached hereto as Exhibit C. No previous application for the relief sought herein has been made.

---

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

WHEREFORE, the United States respectfully requests that this Court enter the attached Order.

Dated: New York, New York
       September 15, 2014

*[signature]*
LOUIS A. PELLEGRINO
Assistant United States Attorney



| | |
|---|---|
| Republic and Canton of Geneva<br>**JUDICIARY**<br>**Civil Court** | Geneva,   0 5 JUIL. 2013 |

Court of First Instance
Place du Bourg-de-Four 1
Post Box 3736
1211 GENEVA 3

U.S. Department of Justice
Civil Division
Office of International Judicial Assistance
1000 L Street N.W.
Room 11006
Washington D.C. 20530
United States of America

Ref.: C/23523/2007-7

Please quote in all correspondence

## ROGATORY COMMISSION IN A CIVIL MATTER
## REQUESTING THE HEARING OF A WITNESS

Reference:   Case No. C/23523/2007-7 - ANTIQUORUM SA vs. Osvaldo PATRIZZI - Simon Leendert VERHOEVEN

To the Office Head:

Sir,

In the interest of the above-referenced proceedings, we would be grateful if you could proceed with the following acts of mutual judicial assistance:

- To arrange for the hearing as a witness of the person whose name and address appears below, based on the questionnaire attached hereto.

This having been done, would you please send us the record of the hearing, if possible in triplicate.

We would appreciate it if you could inform us in advance of the date, time and place of execution by you of this rogatory commission.

We thank you in advance, Sir, for your cooperation and take this opportunity to send you our best regards.

Eliane MARTINS
Clerk of the Court

Witness:
Michael LEVINE
Barclay Road 15
Scarsdale, NY 10583
United States

Court of First Instance +4122.327.66.30

Certified true and correct translation.
Geneva,   APR 2 0 2013

 **Republic and Canton of Geneva**
**JUDICIARY**
**First Instance Court**

ORDER OF

THURSDAY, 30 AUGUST 2011

First Instance Court
Place du Bourg-de-Four 1
Post Box 3736
1211 Geneva 3

Ref.: C/23523/2007-7

Please quote in all correspondence

**Plaintiffs**
ANTIQUORUM SA
c/o Att.-at-Law DE KALBERMATTEN
Christophe
Rue Bellot 6
1206 Geneva

**Defendants**
Osvaldo PATRIZZI
c/o Att.-at-Law Dante CANONICA and
Att.-at-Law Guerric CANONICA
Rue Pierre-Fatio 15
Post Box 3782
1211 Geneva 3

Simon Leendert VERHOEVEN
c/o Att.-at-Law Isabelle BUHLER GALLADE
Rue Pierre-Fatio 15
Post Box 3782
1211 Geneva 3

On this day, this Court issues the following Order:

In view of the procedure;

In view of the list of witnesses filed by ANTIQUORUM SA concerning in particular the hearing of Evan ZIMMERMANN.

In view of the list of witnesses filed by Osvaldo PATRIZZI and Simon Leendert VERHOEVEN concerning in particular the hearing of Evan ZIMMERMANN, Michael LEVINE, Takashi KUSUBE, Tatsuo HORI and Yusuku GOTO.

In view of the opening of a preliminary investigation under rogatory commission and the remand of the case for pleadings on this matter to 14 June 2012.

In view of the conclusions under rogatory commission of the parties.

Whereas pursuant to Article 246 LPC, if a witness duly included in the list has neither domicile nor residence in the Canton and did not appear voluntarily, the judge may order a hearing under rogatory commission.





Republic and Canton of Geneva
JUDICIARY
First Instance Court

Page 2/6

Whereas the rogatory commission pursuant to this provision is applicable only to the hearing of a witness and not to the hearing a director of a legal person party to the proceedings (BERTOSSA/GAILLARD/GUYET/SCHMIDT, Commentaire de la Loi sur la procédure civile genevoise [Commentary on the Genevan Law of Civil Procedure (LPC)], No. 3 re art. 222 LPC and No. 1 and 3 re art. 246 LPC).

Whereas the Court will therefore expressly order, following a personal appearance of the parties, the hearing in Geneva of Evan Zimmermann, Chairman and CEO of ANTIQUORUM SA and as such a governing officer thereof.

Whereas pursuant to Article 214 par. 1 LPC, a party may indeed be forced to come to Geneva for questioning (Op. cit., No. 3 re art. 214 LPC par. 1 No. 1).

Whereas, for the hearing of the witness Michael LEVINE, the Court will issue a rogatory commission, as the latter is domiciled abroad and refuses to be heard in Geneva.

Whereas the remainder of the legal requirements for sending the rogatory commission are met.

Whereas the following questions will be put to the witness Michael LEVINE (Op. cit., No. 6 re art. 246 LPC).

Whereas the legal counsels of Osvaldo PATRIZZI and Simon Leendert VERHOEVEN will be invited to stand as guarantors for the payment of the expenses of the rogatory commission.

For these reasons,
**THE COURT**
**Ruling on a preparatory basis**

Issues this rogatory commission in order to hear as a witness:



Michael LEVINE
Barclay Road 15
Scarsdale, NY 10583
United States

States that the following questions No. 1 to 29, as submitted on documents A and B, will be put to the witness Michael LEVINE:

1. What is your profession and with whom are you currently working?
2. What were and what currently are your ties to ANTIQUORUM SA, ARTIST HOUSE HOLDINGS Inc., HABSBURG HOLDINGS Ltd., Osvaldo PATRIZZI and Simon Leendert VERHOEVEN?
3. When and in what context did you first come into contact with ANTIQUORUM SA and Osvaldo PATRIZZI? Under whose instructions?
4. Did you participate in the negotiations conducted in view of the acquisition of the shares of ANTIQUORUM SA by ARTIST HOUSE HOLDINGS Inc. and in what manner?
5. How were those negotiations conducted?
6. Did Evan ZIMMERMANN participate in those negotiations and in what manner?
7. Were ANTIQUORUM SA, ARTIST HOUSE HOLDINGS Inc., HABSBURG HOLDINGS Ltd. and Osvaldo PATRIZZI represented in those negotiations and by whom?
8. Were ANTIQUORUM SA, ARTIST HOUSE HOLDINGS Inc., HABSBURG HOLDINGS Ltd. and Osvaldo PATRIZZI also represented at the signing of the contract of sale of shares and the "Consulting Agreement" of December 9, 2005, and by whom?
9. Did ANTIQUORUM SA at that time have several shareholders and who were they?
10. If relevant, for what reasons does "Schedule 3.3." of the contract of sale of shares of December 9, 2005 state that HABSBURG HOLDINGS Ltd. is the holder of the entire share capital of ANTIQUORUM SA?
11. If relevant, were any internal agreements concluded between the various shareholders of ANTIQUORUM SA and, if so, who drew them up?
12. Was a due diligence procedure concerning ANTIQUORUM SA carried out in the framework of those negotiations?



Republic and Canton of Geneva
**JUDICIARY**
**First Instance Court**

Page 4/6

13. If relevant, when was that due diligence procedure carried out, why and by whom?
14. If relevant, did that due diligence procedure concern the valuation of the assets belonging to ANTIQUORUM SA?
15. Did you take cognizance of the inventory referred to in Exhibit A and at what date?
16. When was that inventory drawn up, why and by whom?
17. Were representatives of ARTIST HOUSE HOLDINGS Inc. present during the drawing up of the inventory and/or did they verify it?
18. To whom was that inventory sent?
19. Was a PATEK PHILIPPE calibre 89 watch included in that inventory?
20. Before the signing of the contract of sale of shares of December 9, 2005, did Osvaldo PATRIZZI mention any bonuses due to him for previous years?
21. Did the accounts of ANTIQUORUM SA record a debt due to Osvaldo PATRIZZI and Michel COHENDET for prior bonuses?
22. Did any decision of the general meeting of shareholders or the board of directors of ANTIQUORUM SA concern such bonuses? If so, what was the content of such decisions?
23. Why did Article 2.4 of the contract of sale of shares of December 9, 2005, provide for the sale of the "stock" of ANTIQUORUM SA?
24. Were you involved within the framework of the contract of sale of shares or the "Consulting Agreement" of December 9, 2005 and, if so, in what manner?
25. To date, have all the obligations set out in the contract of sale of shares of December 9, 2005 and the "Consulting Agreement" been fulfilled?
26. Following the signing of the contract of sale of shares and the "Consulting Agreement" of December 9, 2005, did ANTIQUORUM SA write to Osvaldo PATRIZZI to inform him that it was not bound thereby and, if so, why did it write such a letter?
27. Following the signing of the contract of sale of shares of December 9, 2005, did HABSBURG HOLDINGS Ltd. transfer the shares to ARTIST HOUSE HOLDINGS Inc. and, if not, why did it not transfer them?





Republic and Canton of Geneva
JUDICIARY
First Instance Court

13. What did the parties agree thereafter?

14. In January 2006, were the amounts of USD 4,500,000.- and subsequently USD 19'500'000.- credited to your third-party receiver account? If so, who paid those amounts and for what reasons?





Republic and Canton of Geneva
**JUDICIARY**
**First Instance Court**

Page 5/6

Invites the requested judicial authority to inform this Court of the date, time and place of performance of this rogatory commission.

Invites the legal counsel of Osvaldo PATRIZZI and Simon Leendert VERHOEVEN to stand as guarantors for the payment of the expenses incurred for the sending and execution of the rogatory commission

Reserves the option of continuing the procedure on return of the rogatory commission.

Dismisses all other conclusions of the parties.

                                                                                                         The Judge
                                                                                                          [signature]
                                                                                                          Séverine TERRIER

This order is communicated for notification to the parties by the Clerk of the Court on **September 05, 2012**

Certified true and correct translation.
Geneva, OCT 15 2012



C/23 *52312007-7*

STATEMENT OF THE FACTS
---

On 18 July 1991, ANTIQUORUM SA was entered in the Geneva commercial register. The purpose of the company was trade in antique and modern clocks and watches, collector's items and auctions.

Osvaldo PATRIZZI was the founder and chairman of the administrative board of ANTIQUORUM SA, with power of individual signature.

Simon Leendert VERHOEVEN was appointed a director of the company, from 22 December 2004, with power of two-person joint signature.

By virtue of a contract of 9 December 2005, Osvaldo PATRIZZI and HABSBURG HOLDINGS LTD, who held the share capital of ANTIQUORUM SA, assigned 50% of this share capital to ARTIST HOUSE HOLDINGS INC.

By virtue of a contract dated the same day, ARTIST HOUSE HOLDINGS INC. and Osvaldo PATRIZZI agreed in particular that the latter would remain chairman of the administrative board of ANTIQUORUM SA.

A dispute arose among the parties to the contract of 9 December 2005.

During the general shareholders' meeting of ANTIQUORUM SA of 15 June 2007, Osvaldo PATRIZZI, Yo TSUKAHARA, Kazushige MURAKAMI, Mark SCHUMACHER, Evan ZIMMERMANN, Simon VERHOEVEN, Masaaki SHIKADA and Yoshi MURAKAMI were appointed directors of the company.

During a meeting on 2 August 2007, the administrative board took, in particular, the decision to suspend with immediate effect Osvaldo PATRIZZI as chairman of the administrative board, and to appoint another secretary to the administrative board in place of Simon Leendert VERHOEVEN.

During the general shareholders' meeting of ANTIQUORUM SA of 24 August 2007, Osvaldo PATRIZZI and Simon Leendert VERHOEVEN were not re-elected to the administrative board.

On 4 October 2007, Osvaldo PATRIZZI and Simon Leendert VERHOEVEN had their duties at ANTIQUORUM SA deleted from the commercial register and Yo TSUKAHARA, Geoff CARLSON, Arno ROY, Evan ZIMMERMANN, Jean-Pierre ELSENER and Masaaki SHIKADA were registered as directors.

By virtue of a request filed on 25 October 2007 at the Tribunal of first instance of Geneva, ANTIQUORUM SA applied, principally, that Osvaldo PATRIZZI and Simon Leendert VERHOEVEN be required to pay it the sum of CHF 27,677,404 plus interest, and that Osvaldo PATRIZZI be required to return to it several watches.

In addition, it requested that Osvaldo PATRIZZI and Simon Leendert VERHOEVEN be required to pay it the sum of CHF 27,677,404 plus interest, and that Osvaldo PATRIZZI be required to pay it the sum of CHF 13,541,355 plus interest.

In support of these requests, ANTIQUORUM SA alleges that Osvaldo PATRIZZI, with the help of Simon Leendert VERHOEVEN, took from it a number of watches or the product of the sale of these watches, on the basis of false invoices, and wrongfully had USD 5,000,000 paid to his private account.

In their statements of 30 April 2010, Osvaldo PATRIZZI and Simon Leendert VERHOEVEN contest these accusations. They requested that ANTIQUORUM SA be nonsuited and that it be acknowledged that Osvaldo PATRIZZI consents to return eight watches in his possession, against simultaneous and immediate payment of USD 2,000,000, or its equivalent in Swiss francs on the day of payment.

The depositions of the witnesses are of a nature to enlighten the Tribunal regarding the aforementioned facts.

Certified true and correct translation.
Geneva, JAN 3 1 2013